Nicholas J. Bontrager (SBN: 252114)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400; Fax: 866-583-3695
nbontrager@consumerlawcenter.com

Attorneys for Plaintiff, STACY LAURIE

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| STACY LAURIE, | ) Case No.: |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| v. | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| ASSET ACCEPTANCE, LLC, | ) |
| Defendant. | ) |

## **VERIFIED COMPLAINT**

STACY LAURIE (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against ASSET ACCEPTANCE, LLC, (Defendant):

## **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business in the State of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Exeter, County of Tulare, California.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a company with a business office in Warren, Macomb County, Michigan.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant calls Plaintiff at the following telephone numbers: 559-592-0777 and 559-300-8621.

COMPLAINT AND DEMAND FOR JURY TRIAL

14. Defendant calls Plaintiff from the following telephone number: 888-255-2011.

15. Defendant calls Plaintiff and fails to provide meaningful disclosure of the caller's identity.

16. Defendant called Plaintiff's son more than once on his cell phone at 559-300-8622 and disclosed that Plaintiff owes a debt.

17. Defendant threatened to garnish Plaintiff's checking account, but has not done so.

18. Plaintiff informed Defendant that she is disabled and bedridden and Defendant's representative threatened that her "disability could be affected" if she did not make a payment.

19. Defendant did not send Plaintiff a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(1)* of the FDCPA by contacting Plaintiff's son and failing to identify itself and state that he is confirming or correcting location information concerning Plaintiff.

    b. Defendant violated *§1692b(2)* of the FDCPA by contacting Plaintiff's son and disclosing that Plaintiff owes a debt.

    c. Defendant violated *§1692b(3)* of the FDCPA by contacting Plaintiff's son more than once, without request to do so, and without reasonable belief that the earlier response of Plaintiff's son was erroneous or incomplete.

    d. Defendant violated *§1692c(b)* of the FDCPA by communicating with Plaintiff's son in connection with the collection of Plaintiff's debt.

    e. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection

COMPLAINT AND DEMAND FOR JURY TRIAL

with the collection of a debt.

f. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

g. Defendant violated *§1692e(4)* of the FDCPA threatening to garnish Plaintiff's checking account even though Defendant did not intend to take such action.

h. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in an attempt to collect a debt by threatening that nonpayment of the alleged debt would cause her disability to be affected.

i. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in an attempt to collect a debt by threatening to garnish Plaintiff's checking account when Defendant did not intend to do so.

j. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

COMPLAINT AND DEMAND FOR JURY TRIAL

WHEREFORE, STACY LAURIE, respectfully requests judgment be entered against Defendant, ASSET ACCEPTANCE, LLC, for the following:

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Actual damages,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

27. Defendant violated the RFDCPA based on the following:

    a. Defendant violated *§1788.10(e)* of the RFDCPA by threatening to garnish Plaintiff's checking account for nonpayment when Defendant did not intend such action.

    b. Defendant violated *§1788.11(b)* of the RFDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

    c. Defendant violated *§1788.12(b)* of the RFDCPA by communicating information regarding Plaintiff's debt to her son on multiple occasions when the purpose of such communication was not to locate the Plaintiff.

    d. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

COMPLAINT AND DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, STACY LAURIE, respectfully requests judgment be entered against Defendant, ASSET ACCEPTANCE, LLC, for the following:

28. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

29. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

30. Actual damages,

31. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

32. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, STACY LAURIE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: September 29, 2009            KROHN & MOSS, LTD.

By: /s/Nicholas J. Bontrager
Nicholas J. Bontrager
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, STACY LAURIE, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, STACY LAURIE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: _Sept 13, 09_       _Stacy Laurie_
                             STACY LAURIE